IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINDA A. FITZPATRICK, MICHAEL W. PETERS, and MARY E. BECKLUN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>JOHN DOES 1-30,<br><br>                    Defendants. | 8:23CV27<br><br><br><br>MEMORANDUM<br>AND ORDER |

In this putative class action, plaintiffs Linda Fitzpatrick, Michael Peters, and Mary Becklun (collectively, the "plaintiffs") allege mismanagement of the Nebraska Methodist Health Systems Defined Contribution Plan, in which they participated. The plaintiffs originally sued Nebraska Methodist Health Systems, Inc., its Board of Directors and Participant Directed Investment Committee (the "committee" and collectively, the "defendants"), as well as unidentified members of the committee and Board of Directors, under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The plaintiffs generally allege the defendants "did not try to reduce the Plan's expenses or exercise appropriate judgment to scrutinize each investment option that was offered in the Plan," resulting in the plaintiffs' plan investments underperforming. *See id.* § 1104(a) (requiring a fiduciary to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use").

On April 17, 2023, the defendants moved to dismiss (Filing No. 17) the plaintiffs' Complaint (Filing No. 1), arguing they lacked standing under Article III of the United States Constitution and failed to state a claim. *See* Fed. R. Civ. P. 12(b)(1), (6). The Court

partially granted[1] the defendants' motion on August 9, 2023, finding the plaintiffs failed to allege "meaningful benchmarks for the Court to reasonably evaluate the plausibility" of their claim that the defendants imprudently invested their money in underperforming funds (Filing No. 24). *See Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 822 (8th Cir. 2018) (requiring a plaintiff to "provide a sound basis for comparison" to plausibly allege the imprudence of a fiduciary's investment); *see also Matousek v. MidAmerican Energy Co.*, 51 F.4th 274, 281 (8th Cir. 2022) (explaining a plaintiff could demonstrate such a basis for comparison by, among other things, alleging "whether [compared funds] hold similar securities, have similar investment strategies, and reflect a similar risk profile"). As the Court stated there, "[t]he generalities the plaintiffs use[d] to describe the Morningstar categories"—through which they attempted to establish comparators for their purportedly underperforming funds—"in combination with the lack of any allegations about some of the named comparators, le[ft] much to be desired."

In a footnote to that Memorandum and Order, the Court also refused to entertain the plaintiffs' "conditional and informal request" for leave to file an amended complaint. That request was "buried" in their brief in opposition to the defendants' motion to dismiss (Filing No. 18) and did not meet the requirements of the Federal Rules of Civil Procedure nor the local rules of this Court. *See* Fed. R. Civ. P. 7(b)(1); NECivR 15.1(a); *see also Wolgin v. Simon*, 722 F.2d 389, 394-95 (8th Cir. 1983) (concluding "a party must submit a proposed amendment along with its motion" to be entitled to leave to amend). The plaintiffs' claims against the named defendants were dismissed with prejudice.

Now before the Court is the plaintiffs' Motion for Reconsideration of the Court's August 9, 2023, Order and Opinion, or in the Alternative, Motion for Leave to File an Amended Complaint (Filing No. 25). The plaintiffs argue the Court should reconsider its

---

[1]The Court denied the defendants' motion to dismiss the various unnamed defendants (identified as John Does 1-30) as they were unknown, had not been served, and were "not presently before the Court." *See Ballinger v. Cedar County*, 810 F.3d 557, 559 (8th Cir. 2016).

prior Memorandum and Order under Federal Rule of Civil Procedure 59(e) because the Court's dismissal of their claims with prejudice "is a manifest injustice given [their] ability to cure the pleading deficiencies" the Court identified "without introducing new evidence or legal theories." In the alternative, the plaintiffs move for leave to file an amended complaint, attaching a proposed amended complaint to their motion (Filing No. 25-2).

The defendants oppose any such relief (Filing No. 28). As they see it, the plaintiffs' proposed amendments include information which "could have been offered or raised" before the Court's dismissal but were not. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). The defendants further contend the proposed amendments are untimely and futile.

A motion for reconsideration of a judgment under Rule 59(e) "serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence." *Bradley Timberland Res. v. Bradly Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013) (alterations in original) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). That standard is relatively narrow and exacting, and it is not entirely clear that plaintiffs' arguments suffice. *See Norman v. Ark Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (explaining relief under Rule 59(e) is "generally available only when a manifest error affects the correctness of the judgment" (internal quotation omitted)).

Not all is lost, though. Under Federal Rule of Civil Procedure 54, the Court is free to reconsider an order made before the entry of judgment. *See* Fed. R. Civ. P. 54(b) (providing that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a [final] judgment"). In that context, the Court "has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C.1986 Ltd. Part. v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (quoting *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995)).

3

Upon reflection and careful consideration of the parties' arguments, the Court finds amendment of its August 9, 2023 Memorandum and Order is proper. That Memorandum and Order is now amended to dismiss the plaintiffs' claims against Nebraska Methodist Health Systems, the Board of Directors, and the committee, *without* prejudice.

The Court also grants the plaintiffs leave to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2). The Court generally disfavors cursory requests for leave to amend and may deny leave where an amendment is sought in bad faith, is unduly delayed, or unfairly prejudices the other party. *See Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 645 n.4 (8th Cir. 2021). But in the absence of such circumstances, leave should be freely given where the party shows how their pleading "could be amended to save" an otherwise unsuccessful claim. *GWG DLP Funding V, LLC v. PHL Variable Ins. Co.*, 54 F.4th 1029, 1036 (8th Cir. 2022) (quoting *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999)).

Here, the plaintiffs have attached to their motion a proposed amended complaint demonstrating the additional detail they intend to add to meet the heightened pleading standards applicable to these types of complex claims. *See* NECivR 15.1(a) (requiring the movant to attach to their motion a "copy of the proposed amended pleading"). While the Court is not entirely convinced such an amendment would be futile, it is also not yet persuaded the proposed amendments are sufficient under the Eighth Circuit's precedent to state a claim for imprudence. *See Matousek*, 51 F.4th at 281 (concluding the plaintiffs' approach to establish a benchmark "by comparing the performance of three of the five funds to their 'peer groups'" was insufficient as it left the "composition of the peer groups [] a mystery" and failed to describe the characteristics the funds had in common).

Nonetheless, given the complexity and highly case-specific nature of plausibly pleading an imprudence claim, the Court finds justice requires giving the plaintiffs one last bite at the apple. *See Matousek*, 51 F.4th at 280-81 (describing that pleading a meaningful

4

benchmark is highly context-specific). Accordingly, the plaintiffs are given leave to file an amended complaint, which should be filed on or before February 23, 2024.

IT IS SO ORDERED.

Dated this 31st day of January 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge