IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINDA A. FITZPATRICK, MICHAEL W. PETERS, and MARY E. BECKLUN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>JOHN DOES 1-30,<br><br>　　　　　　　Defendants. | 8:23CV27<br><br><br><br>MEMORANDUM<br>AND ORDER |

　　　　In this putative class action, plaintiffs Linda Fitzpatrick, Michael Peters, and Mary Becklun (collectively, the "plaintiffs") sued Nebraska Methodist Health Systems, Inc., its Board of Directors (the "board") and Participant Directed Investment Committee (the "committee" and collectively, the "defendants"), as well as unidentified members of the committee and the board, under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. The plaintiffs allege the defendants mismanaged the Nebraska Methodist Health Systems Defined Contribution Plan costing its participants millions of dollars.

　　　　On August 9, 2023, the Court dismissed the plaintiffs' claims against the named defendants with prejudice, finding the plaintiffs failed to allege "meaningful benchmarks for the Court to reasonably evaluate the plausibility" of their claim that the defendants imprudently invested their money in underperforming funds (Filing No. 24). *See Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 822 (8th Cir. 2018) (requiring a plaintiff to "provide a sound basis for comparison" to plausibly allege the imprudence of a fiduciary's investment); *see also Matousek v. MidAmerican Energy Co.*, 51 F.4th 274, 281 (8th Cir. 2022) (explaining a plaintiff could demonstrate such a basis for comparison by alleging "whether [compared funds] hold similar securities, have similar investment strategies,

and reflect a similar risk profile"). The Court also refused to entertain the plaintiffs' "conditional and informal request" for leave to file an amended complaint included in their brief opposing dismissal. *See* Fed. R. Civ. P. 7(b)(1); NECivR 15.1(a).

The plaintiffs subsequently moved for reconsideration of that Memorandum and Order or, alternatively, for leave to file an amended complaint (Filing No. 25). There, they asked the Court to amend its prior dismissal to be one without prejudice and sought leave "to file an Amended Complaint substantially in the form attached" to their motion (Filing No. 25-2). The defendants opposed any such relief from the Court's earlier decision (Filing No. 28).

The Court ultimately found that, in the context of the highly specific and arduous nature of pleading an imprudence claim under ERISA, "justice require[d] giving the plaintiffs one last bite at the apple" (Filing No. 30). *See Matousek*, 51 F.4th at 280-81. Thus, on January 31, 2024, the Court exercised its power under Federal Rule of Civil Procedure 54 to amend its prior dismissal of the plaintiffs' claims to be without prejudice. *See K.C.1986 Ltd. Part. v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (describing the Court's power under Rule 54 to modify an interlocutory order before the entry of judgment). It also granted the plaintiffs leave to file their amended complaint. *See* Fed. R. Civ. P. 15(a)(2).

On February 23, 2024, the plaintiffs filed a First Amended Class Action Complaint (Filing No. 31). Now before the Court is the defendants' Motion to Strike (Filing No. 34) that pleading. *See* Fed. R. Civ. P. 12(f). The defendants argue the plaintiffs "only requested, and the Court only granted, leave to file the proposed amended complaint that accompanied" their motion, and that their First Amended Class Action Complaint "is materially different" than that pleading. They also argue they are prejudiced by the plaintiffs' actions that "circumvented the adversarial process," giving them no opportunity to address their First Amended Class Action through a proper motion for leave to amend.

2

The plaintiffs oppose the defendants' motion (Filing No. 36), arguing the "Court never [specifically] ordered that [they] file the proposed amended complaint." They assert they were simply given leave to file "an" amended complaint, meaning their First Amended Class Action Complaint—to which they "added facts to bolster their claims to cure the deficiencies" in the original complaint—passes muster.

Although motions to strike pleadings are disfavored due to their frequent use as an abusive litigation tactic, the Court has "liberal discretion to strike pleadings under Rule 12(f)." *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1092-93 (8th Cir. 2021) (quoting *BJC Health Sys. v. Columbia Cas. Co*, 478 F.3d 908, 917 (8th Cir. 2007)). Striking a pleading may be an appropriate remedy where a party has failed to comply with an order of the Court or an applicable rule of procedure. *See*, *e.g.*, *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 696 n.2 (8th Cir. 1979); *see also Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 952-53 (7th Cir. 2020) (concluding the district court did not abuse its discretion in striking an amended pleading that ignored the court's repeated orders to "not make any substantive changes" to the amended pleading where the court did so without prejudice and gave the party another chance to reassert its claims).

Nebraska Civil Rule 15.1 requires a party seeking leave to amend a pleading to attach the proposed amended pleading to their motion. The text of that rule clearly reflects the expectation that the movant will file that proposed amended pleading, not another pleading, if they receive leave to amend. *See* NECivR 15.1(a), (c).

The Court will therefore strike the plaintiffs' First Amended Class Action Complaint without prejudice to its proper reassertion. To gain permission to file that amended complaint, the plaintiffs must move for leave to amend and attach <u>that</u> pleading to their motion. *See id*. ("The motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed . . ."). Should the defendants oppose that motion, they will then have an opportunity to respond.

*See* NECivR 7.1(b).  The plaintiffs are reminded they may only be granted leave to file whatever amended pleading is attached to that motion.

In light of the foregoing,

IT IS ORDERED:
1. The defendants' Motion to Strike Plaintiff's First Amended Complaint (Filing No. 34) is granted.
2. The plaintiffs' First Amended Class Action Complaint (Filing No. 31) is stricken without prejudice to its reassertion.

Dated this 31st day of May 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge